## KOTARO HONDA v. BRACE.

Court of Appeals of District of Columbia.

Submitted January 16, 1928. Decided February 6, 1928.

No. 2024.

1. Patents ⬳91(4)—Tests of high cobalt alloy steel magnets held to establish reduction to practice, though not of shape and dimensions suitable for permanent magnets in instruments.

Tests of magnets, formed from high cobalt alloy steels, *held* properly accepted as establishing reduction to practice, though pieces tested were not of shape and dimensions suitable for use as permanent magnets in instruments; counts describing invention as permanent magnet comprising magnetized body of alloy steel containing cobalt and chromium, not being limited to magnets of any particular shape or configuration.

2. Patents ⬳91(4)—Evidence held to show no intent to suppress or conceal American invention, applied for after copies of Japanese patents were filed.

In interference proceeding, involving priority as between American and Japanese patents for *magnetized body of alloy steel containing* cobalt and chromium, evidence *held* to show no intention to suppress or conceal American invention, though application therefor was not prepared until after copies of Japanese patents were filed in patent office library.

3. Patents ⬳90(2)—Diligence of party first conceiving invention and reducing it to practice is not involved.

Question of diligence is not involved in interference proceeding, where party charged with lack of diligence was first to conceive invention and to reduce it to practice.

4. Patents ⬳90(5)—One first conceiving invention and reducing it to practice, without suppressing it, is entitled to award of priority.

Where prior reduction to practice by first to conceive invention has been clearly established, and there has been no suppression of invention by him, he is entitled to award of priority in interference proceeding.

Appeal from the Commissioner of Patents.

Interference proceeding between Kotaro Honda and Porter H. Brace. From a decision of the Commissioner of Patents, awarding priority to Brace, Honda appeals. Affirmed.

M. C. Massie, R. F. Steward, and C. O. McKay, all of Washington, D. C., for appellant.

W. G. Carr, of Pittsburgh, Pa., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents in an interference proceeding awarding priority to the party Brace.

The invention relates to a magnetized body of an alloy steel, and is expressed in counts 3, 4, 6, 7, and 8. Counts 3 and 6 are illustrative, and read as follows:

"Count 3. As a new article of manufacture, a magnetized body of an alloy steel containing cobalt and a metal of the chromium group."

"Count 6. As a new article of manufacture, a permanent magnet comprising a magnetized body of an alloy steel containing a substantial percentage of cobalt substantially uniformly distributed therethrough."

Each of the tribunals of the Patent Office held that Brace was the first to conceive and the first to reduce to practice. The Examiner of Interferences awarded priority to him. The Board awarded priority to Honda, on the ground that the Brace invention had been forfeited by a concealment and delay in filing the application.

[1] An examination of the record convinces us that the tribunals were fully justified in holding that Brace was the first to conceive and the first to reduce to practice. He is a skilled metallurgist, and, when he made this invention, was employed by the Westinghouse Electric & Manufactuing Company. In the year 1916 he made and tested a number of magnets formed from high cobalt alloy steels, both with and without the addition of other metals. Those magnets were preserved, and were introduced as exhibits, together with the records of the laboratory tests made. Counsel for appellant contend that these tests ought not to be accepted as establishing reduction to practice, because the pieces tested were not of such shape and dimensions *as to* be suitable for use as permanent magnets in instruments. The Patent Office tribunals rejected this contention, because the counts are not limited to magnets having any particular shape or configuration, but are drawn broadly to a magnetized body of alloy steel containing the elements recited therein. We think this position correct. Magnets were old, and it must be assumed that magnets made according to the requirements of these counts would be capable of use.

[2] On March 13, 1917, Brace addressed a letter to the legal department of the company, explaining his invention and stating that he had "found that the use of chromium and cobalt together in steel gives characteristics which make it well suited for use in permanent magnets," and that what he desired

to patent was, "broadly, the use of chromium and cobalt together in magnetic materials. More particularly, as regards applications, the use of chromium and cobalt together in permanent magnet steels." The war coming on, there were changes in the company's patent department force, and the application for this invention was not prepared until November 26, 1918. In the meanwhile, on May 6, 1918, and on August 9, 1918, respectively, copies of Honda's Japanese patents, printed in Japanese characters, were filed in the library of the United States Patent Office, but there is no evidence tending to show that these patents came to the attention of Brace, or his assignee, until after the filing of his application; nor is there any evidence from which it fairly may be inferred that there was any intention to suppress or conceal the Brace invention. In fact, the evidence is to the contrary.

[3, 4] The question of diligence is not involved, because Brace was the first to conceive and the first to reduce to practice. Hubbard v. Berg, 40 App. D. C. 577. Where an alleged reduction to practice has been followed by a period of inactivity, and the filing of an application has been induced by knowledge of the entry into the field by an adversary, we have held that what was done amounted to nothing more than an abandoned experiment; but where, as here, prior reduction to practice by the first to conceive has been clearly established and there has been no suppression of the invention by him, he is entitled to an award of priority. Rolfe v. Kaisling, 32 App. D. C. 582; Lederer v. Walker, 39 App. D. C. 122.

The decision appealed from is correct, and is affirmed.

Affirmed.